IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARRYL LYNN WHITE, #1472475,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:12-CV-2638-B-BK |
| § | | |
| **RICK THALER, Director,** § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Div., § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge.  Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the habeas petition be summarily dismissed as time barred.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

Without a plea agreement, Petitioner pled guilty to four separate cases charging aggravated robbery with a deadly weapon, and was sentenced to 40 years' imprisonment in each case. *State v. White*, Nos. F07-72476, F07-72475, F07-71752, and F07-71753 (Crim. Dist. Ct. No. 4, Dallas County, Nov. 8, 2007), *aff'd*, Nos. 05-07-01580-CR through 05-07-01583-CR (Tex. App. – Dallas, Nov. 25, 2008, no pet.).  On March 23, 2009, Petitioner sought extension of time to file petitions for discretionary review (PDR), but the Texas Court of Criminal Appeals (TCCA) denied his request because more than 90 days had elapsed since the court of appeals' decision. *White v. State*, Nos. PD-0413-09 through PD-0416-09 (Tex. Crim. App. Mar. 23, 2009).  Then, on January 12, 2010, he filed a *Motion for Leave to Exhaust State Remedies to*

*Preserve Federal Habeas Relief*, which this Court denied. *White v. Thaler*, No. 3:10-CV-0054-M (N.D. Tex. Jan. 19, 2010) (denying request for leave to exhaust and to extend one-year limitations period). On December 30, 2010, Petitioner filed four state habeas applications, which the TCCA dismissed in March and November 2011 as non-compliant. *Ex parte White*, Nos. WR-75,466-01, WR-75,466-02, WR-75,466-05, WR-75,466-06 (Tex. Crim. App. 2011). Petitioner re-submitted two of his applications on April 29, 2011, but the TCCA denied relief. *Ex parte White*, No. WR-75,466-03 and WR-75,466-05 (Tex. Crim. App. Sep. 7 and 14, 2011).[1]

In the ten grounds raised in his federal petition, Petitioner alleges actual innocence, unknowing and involuntary guilty pleas, ineffective assistance of counsel, plea bargain violations, increase in punishment without notice, and abuse of discretion by the trial court. (Doc. 6 at 11-41). Petitioner has since submitted a *Motion to Stay and Hold Petition in Abeyance*, together with a response addressing the applicability of the one-year limitations period. (Doc. 14, 15). In the former he confirms filing state habeas applications to exhaust state remedies as to his remaining convictions. *Ex parte White*, Nos. W07-71752 and W07-71753 (Crim. Dist. Ct. No. 4, Dallas County, filed Nov. 7, 2012) (pending).

## II. ANALYSIS

A.   **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th

---

[1] The dates listed above were verified through information available on the various state court Internet web pages (Dallas County, Fifth Court of Appeals, and TCCA), and the electronic version of the state habeas court records available through the TCCA.

Cir. 1999). The one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Sections 2244(d)(1)(B) through(D) are inapplicable here as there is no allegation of a state-created impediment that prevented timely filing of the claims; Petitioner does not base his claims on any new constitutional right; and the facts supporting the grounds for relief should have been known prior to the date on which Petitioner's convictions became final.

<u>Date Convictions Became Final and Statutory Tolling</u>

Petitioner's convictions became final on December 26, 2008, the last day on which he could have filed timely PDRs with the TCCA. *See* TEX. R. APP. P. 68.2(a) (PDR must be filed within thirty days of the judgment or order denying a timely motion for rehearing); *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012). Because the TCCA denied his request for extension to file PDR, the finality of his convictions is unchanged. Therefore, the one-year limitations period began running on December 27, 2008, and expired one year later on December 26, 2009. Moreover, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he did not file his state habeas applications until December 30, 2010, and April 29, 2011, after the limitations period had elapsed. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired). Therefore, this federal petition, deemed filed as of July 26, 2012, is clearly outside the one-year statute of limitations.[2]

---

[2] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court liberally construes the federal petition filed on July 26, 2012,

Even if the state convictions were deemed final on March 23, 2009, when the TCCA denied extension to file PDR, the federal petition would still be untimely. Under this scenario, the one-year limitations period would have expired no later than March 23, 2010. Statutory tolling, however, would be unavailable during the pendency of either the January 2010 *Motion for Leave to Exhaust* or the state habeas applications (the 2010 noncomplying state applications and the 2011 post one-year period applications). *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (no statutory tolling during pendency of federal action); *Wion v. Quarterman,* 567 F.3d 146, 148 (5th Cir. 2009) (no statutory tolling if state application does not meet state's filing requirements); *Scott*, 227 F.3d at 263 (no statutory tolling if state application is filed after one-year period). Consequently, the federal petition should be dismissed as untimely, under section 2244(d)(1)(A), absent equitable tolling.

<u>Equitable Tolling</u>

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

---

when Petitioner signed a letter advising that he would mail his petition in the next few days. (Doc. 1)

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the entire one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his convictions became final, Petitioner waited over two years before he filed his state habeas applications. Even considering his convictions final as of March 2009, Petitioner delayed over 21 months before he submitted his state applications. His lack of diligence did not end there. Following the denial of his April 2011 state applications, Petitioner delayed an additional ten months before he initiated this federal action. This last period of inactivity clearly indicates lack of due diligence. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (delay of four months between denial of state application and filing of federal petition precluded finding of due diligence); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (six-month delay precluded due-diligence finding).

In response to the order regarding the limitations period, Petitioner states that he "diligently d[id] everything possible to avoid being barred by the statue [sic] of limitations." (Doc. 14 at 1). He submits for the first time that he "received late notice" that his direct appeal had been affirmed (about 120 days late), and that his motion for extension of time to file a PDR had been rejected (about 300 days late), thus "denying [him] the right to a full chance at meeting the one-year statute of limitation." *Id.* at 2. Petitioner, however, cannot attribute the late notice to his appellate counsel. *See Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002) (counsel's failure to notify defendant in timely manner of outcome of direct appeal did not rise to ineffective assistance of counsel, although the untimely notice precluded defendant from filing a timely

PDR). Moreover, even assuming Petitioner did not receive timely notice of the denial of the extension to file PDR (Doc. 14 at 2), he made no further inquiry about the status of the extension request, choosing instead to wait until December 2010 to file his first state habeas applications. *Cf. Lewis v. Cockrell*, 2001 WL 1267701, at *3 (5th Cir. 2001) (unpublished *per curiam*) (untimely status inquiries by habeas petitioners did not warrant equitable tolling); *Douglas v. Dretke*, No. 4:05-CV-0851, 2005 WL 2792384, *3 (S.D. Tex. Oct. 26, 2005) (habeas petitioner has duty to monitor status of state litigation). To pursue rights diligently, a litigant cannot wait until near a deadline to make a filing, and then seek equitable tolling when something goes wrong. *See Johnson v. Quarterman*, 483 F.3d 278, 287-88 (5th Cir. 2007).

Next, Petitioner states that he lacked "the knowledge" and "was unaware . . . that the court may have excepted [sic] a Motion for a Stay and Abeyance for [him] to have exhausted [his] State court claim's [sic]." (Doc. 14 at 1-2). However, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("It is irrelevant whether the unfamiliarity [with law] is due to illiteracy or any other reason."). In addition, the order denying the January 2010 *Motion for Leave to Exhaust* specifically apprised Petitioner of the one-year statute of limitations and the stay-and-abatement procedure under *Rhines v. Weber*, 544 U.S. 269, 277-79 (2005). *See White v. Thaler*, No. 3:10-CV-0054-M, Order at 2 (N.D. Tex. Jan. 19, 2010).

Lastly, Petitioner does not show that an "extraordinary circumstance" prevented timely filing. *Holland*, 130 S. Ct. at 2562. Apart from generalized statements in support of his

equitable tolling argument, Petitioner does not explain the reason for any of the delays in his case. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

<u>Actual innocence</u>

Petitioner asserts that he is "actually innocent" of the underlying aggravated robbery convictions because his guilty pleas were unknowing, involuntary, and coerced. (Doc. 6 at 11-15). Actual innocence, however, is insufficient to warrant either statutory or equitable tolling of the AEDPA statute of limitations. "The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). "There is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations." *Prince v. Thaler*, 354 Fed. Appx. 846, 847 (5th Cir. Nov.13, 2009) (unpublished *per curiam*). Further, an "actual innocence claim . . . does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000).

In any event, Petitioner has not made a showing of actual innocence. To establish actual innocence, "the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have

convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 664 (5th Cir. 1999) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson,* 243 F.3d 215, 221 (5th Cir. 2001).  Petitioner cannot make this showing because his actual innocence claim hinges solely on the voluntariness of his guilty plea.  He has offered no new, reliable evidence sufficient to refute the validity of his guilty plea.

**B.      Motion to Stay and Abate**

Petitioner requests the Court to hold his petition in abeyance to allow the state court to rule on his November 2012 state habeas applications.[3]  (Doc. 15 at 2-4; Doc.14 at 3).  A federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims.  *See Rhines v. Weber*, 544 U.S. 269, 275 (2005).  A *Rhines* stay is appropriate only if the petitioner shows (1) good cause for his failure to exhaust his claims, and (2) his unexhausted claims are not plainly meritless.  *Id.*

Here, Petitioner cannot meet the second prong.  His claims are plainly meritless because they are untimely.  *See Lave v. Dretke*, 444 F.3d 333, 336 (5th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)) (explaining that a district court should not stay proceedings to permit a habeas petitioner to exhaust state claims when such claims are plainly meritless).  A stay is inappropriate where the underlying federal petition is untimely.  *Fenlon v. Thaler*, 2011 WL 6326099, at *13 (S.D.Tex. Dec. 16, 2011) (denying motion to stay because federal petition was untimely); *Madden v. Thaler*, No. 3:10-CV-1461-B, 2011 WL 2162910 (N.D. Tex. May 9, 2011), *report and recommendation adopted*, 3:10-CV-1461-B, 2011 WL 2164154, *7 (N.D. Tex.

---

[3] Petitioner confirms that he did not previously exhaust as to cause number F07-71752 and F07-71753 because he assumed the state court would deny relief as it did with respect to his two other convictions. (Doc. 14 at 2-3).

June 2, 2011) (motion to stay is not warranted when a petitioner has filed an untimely federal protective petition), *adopted*, 2011 WL 2164154 (N.D. Tex. June 2, 2011). Accordingly, Petitioner's motion to stay and abate should be denied.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), and that Petitioner's *Motion Requesting a Stay* (Doc. 15) be **DENIED**.

SIGNED January 2, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE